UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JONATHAN P. LOPEZ,                  :
                                    :
         Plaintiff,                 :   Civ. No. 19-1166 (NLH)(JS)
                                    :
    v.                              :   OPINION
                                    :
COUNTY OF SALEM, et al.,            :
                                    :
         Defendants.                :
_____:

APPEARANCE:
Jonathan P. Lopez, No. 08-145240
Salem County Correctional Facility
125 Cemetery Road
Woodstown, NJ 08098
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Jonathan P. Lopez, an inmate presently incarcerated at the Salem County Correctional Facility in Woodstown, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, which appears to assert a claim pursuant to 42 U.S.C. § 1983. See ECF Nos. 1 (Complaint), 1-1 (IFP application). Petitioner has now submitted a second application to proceed in forma pauperis, see ECF No. 5, after the first application was denied without prejudice as incomplete, see ECF Nos. 3, 4.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate

official of each correctional facility at which he was or is confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in installments, as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff has now submitted his application to proceed in forma pauperis on the correct form, but he still has not included the required certification for his account statement as required by 28 U.S.C. § 1915(a)(2). See ECF No. 1-1 (IFP application). On his application to proceed in forma pauperis, Plaintiff writes that he has been unable to get another account statement, or have it certified by a prison official. See ECF No. 5 at 9. The Court will thus provide Plaintiff with thirty (30) days in which to re-open this matter with the required certified account statement.

If Plaintiff continues to be unable to obtain the required account information and certification, Plaintiff must provide the Court with a certification specifying the names and titles of authorized prison officials whom he approached with requests to certify his account; the dates of these requests; and the reasons these authorized prison officials gave to Plaintiff in connection with their decisions to decline his requests. Upon

4

being presented with Plaintiff's certification to that effect, this Court would be in the position to determine whether it should excuse Plaintiff's failure to obtain an authorized prison official's signature and a copy of his account statement, or whether the Court should conduct an additional inquiry into this matter.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to re-open within thirty (30) days.  An appropriate Order follows.

Dated: February 26, 2019           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).